GRIFFIN, Judge,
dissenting.
I respectfully dissent.
The Richardson issue on which the majority reverses the conviction concerns an incul-patory statement made to the victim by the defendant that was previously undisclosed to the defense. This ground should fail on appeal because the defendant failed to raise a proper ground below. If the defendant is to have the benefit of the drastic remedy of per se error[1] provided for the failure to conduct a Richardson hearing, the defendant should have the burden to state a proper legal basis for entitlement to a Richardson hearing so that the trial court can intelligently and properly evaluate the issue and make an advised decision before it is too late.
The sine qua non for entitlement to a Richardson hearing is a claim that there has been a discovery violation. Once a colorable claim has been made, a Richardson hearing explores the circumstances of the violation and its possible prejudice to the defendant. Smith v. State, 500 So.2d 125, 126 (Fla.1986). In this ease, when a Richardson hearing was demanded, the lower court expressed doubt that Richardson applied to a situation where the state’s witness had not disclosed the information to the prosecutor:
I am not sure of the applicability of a Richardson hearing in evidence that comes up in [sic] the first time during the course of the trial that neither side is aware of.
Defense counsel’s response was to argue (erroneously, in my view) the following:
She’s the state’s witness. That may be the same if — Judge, it’s applicable. It’s the same thing and this can happen that the state attorney’s office may not be aware of it but it’s the duty of the state’s witness to inform the state attorney. The same would be if the police officers hadn’t put anything in his report and all of a sudden gets on the stand and says the defendant in an utterance and gets past Miranda.
There is no support in Florida law that I can find for the position argued by defense counsel to the trial judge that the state commits a discovery violation when it fails to disclose to defense counsel information that a witness has not disclosed to any agent of the state. Defendant has cited none on appeal. If the issue presented were whether the state was, in fact, aware of the information, I would agree reversal would be required. Assertion of failure to disclose information known to an agent of the state would satisfy the predicate requirement to conduct a Richardson hearing to ascertain the circumstances of the violation and the prejudice to defendant. But that issue was never contested below. Defense counsel never challenged the court’s premise that the state was unaware of the information prior to trial nor did he ask for a hearing to determine that fact. He merely asserted that the failure of a state witness to make disclosure was a discovery violation by the state. The lower court correctly rejected *1219 the only discovery violation claim asserted by defense counsel.
As Judge Sharp has noted, it would be impossible to find a double jeopardy violation on this record under the rule set out in United States v. Dixon, — U.S. -, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Contrary to defendant’s apparent position, it is not self-evident that prosecuting the defendant for criminal contempt based on his violation of a civil injunction for protection from domestic violence would bar the subsequent prosecution in this case for burglary and criminal mischief. The defendant established below what the domestic violence injunction prohibited, but not how the contempt was charged, what was proved or how it was adjudicated. I would affirm the conviction.

. It is clear from the record that the defendant is guilty beyond any reasonable doubt and that in the context of any analysis other than "per se" error, admission of this testimony would be harmless. There was an independent eyewitness to defendant's breaking into the apartment and the destruction of property; the defendant admitted his conduct to the investigating officer and, at trial, he admitted the damage. See Schopp v. State, 19 Fla.L.Weekly D1445, - So.2d - (Fla. 4th DCA July 6, 1994).